```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

_____
                              :
NICHOLAS BROWN,               :
                              :
         Plaintiff,           :   Civ. No. 17-3436 (NLH) (SAK)
                              :
    v.                        :   OPINION
                              :
                              :
                              :
DR. COHEN, et al,             :
                              :
         Defendants.          :
_____:

APPEARANCES:

Nicholas Brown
4373718
Trenton Rescue Mission
98 Carroll Street
Trenton, NJ 08609

     Plaintiff pro se

Stephen D. Holtzman, Esq.
Jeffrey S. McClain, Esq.
Holtzman McClain & Londar, PC
524 Maple Avenue
Suite 200
Linwood, NJ 08221

     Counsel for Defendant Dr. Cohen

HILLMAN, District Judge

    Defendant Dr. Todd Cohen moves to dismiss Plaintiff Nicolas Brown's complaint for lack of prosecution. ECF No. 26. Plaintiff filed a letter asking the Court to reopen his case, which the Court construes as opposition to the motion. ECF No.

28. For the reasons that follow, the Court will deny the motion to dismiss.

In May 2017, Plaintiff filed a pro se complaint under 42 U.S.C. § 1983 against Defendant Dr. Todd Cohen for deliberate indifference to Plaintiff's medical needs while he was detained in the Camden County Jail. ECF No. 1. This Court permitted the complaint to proceed. ECF No. 6. On August 15, 2018, Plaintiff submitted an amended complaint. ECF No. 11.

The Court administratively terminated the complaint on October 17, 2019 after mail sent to Plaintiff at his listed address was returned as undeliverable. ECF No. 15. On July 7, 2020, Plaintiff wrote to the Court asking for his case to be reopened. ECF No. 17. The Court reopened the matter and instructed the Clerk to resend U.S. Marshal Form 285 to Plaintiff. ECF No. 18. After Plaintiff returned the form, the U.S. Marshals served Dr. Cohen with the complaint and amended complaint on December 11, 2020. ECF No. 23. Dr. Cohen filed his answer on December 22, 2020. ECF No. 24.

Mail addressed to Plaintiff was returned as undeliverable on January 4, 2021. ECF No. 25. Dr. Cohen filed a motion to dismiss the case based on lack of prosecution and for Plaintiff's failure to update his address. ECF No. 26. Plaintiff filed a letter with the Court asking for his case to

2

be reopened[1] because he did not have an available mailing address after his released from jail.  ECF No. 28.  Plaintiff subsequently filed an updated address.  ECF No. 30.

II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) provides that involuntary dismissal is appropriate "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court[.]"  A district court should consider six factors when determining whether to dismiss a case under Rule 41(b).  Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).  The relevant factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. (emphasis omitted).  "None of the Poulis factors is alone dispositive, and it is also true that not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution."  Hildebrand v. Allegheny Cty., 923 F.3d 128, 132 (3d Cir. 2019).

---

[1] The matter had not been closed after the Court received the returned mail.  See infra note 2.

3

III. <u>DISCUSSION</u>

A.  The Extent of the Party's Personal Responsibility

In general, it is Plaintiff's responsibility to make sure the case is progressing.  See <u>Briscoe v. Klaus</u>, 538 F.3d 252, 258-59 (3d Cir. 2008) ("It is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case . . . .").  However, the Court's review of the docket indicates that some of the delays in this action since its 2017 filing do not appear to be Plaintiff's fault.  The complaint was originally permitted to proceed on April 16, 2018, ECF No. 6, and summonses were issued on May 8, 2018, ECF No. 9.  It is unclear whether the complaint was served at the time.  Plaintiff submitted his amended complaint on August 15, 2018.  ECF No. 11.  These delays do not appear to have been within Plaintiff's control.

On October 17, 2019, the Court administratively terminated the complaint under Local Rule 10.1(a) after mail sent to Plaintiff was returned.  ECF No. 15.  This delay may be attributed to Plaintiff.

Plaintiff wrote to the Court inquiring as to his case status in July 2020, ECF No. 17, at which time the Court reopened the case and directed Plaintiff to resubmit U.S. Marshal Form 285 for service.  ECF No. 18.  Plaintiff promptly complied, ECF No. 21, and the U.S. Marshals served the complaint

4

and amended complaint on Dr. Cohen. ECF No. 23. The Court has not received any returned mail from Plaintiff that would indicate further failure to comply with Local Rule 10.1.[2]

Plaintiff states that he was experiencing homelessness after his release from Camden County Jail and did not have an address at which he could receive mail. ECF No. 28. Since the filing of this motion, Plaintiff has updated his address with the Court and communicated with Defendant. The Court concludes this factor is neutral.

B. The Prejudice to the Adversary

The second Poulis factor requires the Court to consider the prejudice to the adversary. This factor weighs against dismissal. "[P]rejudice is not limited to 'irremediable' or 'irreparable' harm. It also includes 'the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy.'" Briscoe, 538 F.3d at 259 (quoting Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003)).

Dr. Cohen argues he has been prejudiced because "Plaintiff's failures make it impossible . . . to conduct

---

[2] On January 4, 2021, the Court received returned mail that had been addressed to Plaintiff at the Camden County Jail. ECF No. 25. However, the writing on the envelope indicated the mail was returned not because of an insufficient address but because the jail requires mail to inmates to be in "white envelopes only." Id. The Court takes judicial notice that the envelopes used by the Clerk's Office for official business are white.

discovery in a diligent and expeditious manner as required by L.Civ.R. 26.1." ECF No. 26-3 at 3. The Court considers this factor to weigh against dismissal because Plaintiff has updated his address and is participating in the case. Dr. Cohen remains free to seek appropriate discovery remedies if Plaintiff does not comply with his discovery obligations in the future.

C.   History of Dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund, 29 F.3d 863, 875 (3d Cir. 1994). The Court finds this factor to be neutral as there is some history of delay in this case but not all of it can be attributed to Plaintiff.

D.   Willfulness or Bad Faith

There are no facts to warrant an inference of bad faith or willfulness. "Willfulness involves intentional or self-serving behavior." Id. Conduct that is "merely negligent or inadvertent" is not "contumacious," Briscoe v. Klaus, 538 F.3d 252, 262 (3d Cir. 2008), and the "absence of a good faith effort to prosecute . . . does not necessarily amount to willfulness or bad faith as [the Third Circuit] has defined it." Adams, 29 F.3d at 876. While Plaintiff may be negligent, that is not

enough to meet the Poulis standard of willfulness. The Court weighs this factor in Plaintiff's favor.

E.   Effectiveness of Other Sanctions

As dismissal with prejudice is an extreme sanction, the fifth Poulis factor requires the Court to consider the effectiveness of alternative sanctions. Plaintiff is proceeding pro se and in forma pauperis, therefore monetary sanctions would not be an effective alternative. See Briscoe, 538 F.3d at 262 citing Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002)). However, the Court is not convinced that no effective lesser sanctions are available.

The Third Circuit has "repeatedly acknowledged that dismissals with prejudice or defaults are drastic sanctions that must be a sanction of last, not first, resort." Hildebrand v. Allegheny Cty., 923 F.3d 128, 132 (3d Cir. 2019) (internal quotation marks and citations omitted). The Court has a variety of evidentiary sanctions available if Plaintiff's delay can be shown to have actually impeded Dr. Cohen's ability to defend himself. At this relatively early stage of the litigation, the Court concludes there are alternative sanctions to dismissal; therefore, this factor strongly weighs against dismissal.

F.   Meritoriousness of the Claims

Finally, the Court considers the meritoriousness of the Plaintiff's claims. "Generally, in determining whether a

7

plaintiff's claim is meritorious, we use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." Briscoe, 538 F.3d at 263.

This Court screened the complaint under 28 U.S.C. § 1915 and permitted it to proceed. ECF No. 3. Plaintiff alleges Dr. Cohen pulled the wrong tooth in providing Plaintiff dental care. Such a claim should be heard on its merits. This factor weighs against dismissal.

G.  Balancing

The Court considers two of the Poulis factors to be neutral in weight and four factors to weigh against dismissal. The number of factors is not dispositive of the outcome as "there is no 'magic formula' or 'mechanical calculation'" of the factors, Hildebrand, 923 F.3d at 137, but the Court concludes the factors against dismissal heavily outweigh the neutral factors.

The Court gives great weight to the strong preference for claims to be decided on their merits and the fact that alternative sanctions are available. The minimal prejudice to Dr. Cohen and the absence of a showing of bad faith also strongly support the complaint remaining active.

It should be noted, however, that while the Court has determined that the Poulis factors on whole do not warrant dismissal at time, Defendant's motion was not frivolous. Plaintiff is reminded that any further delays in this matter

8

attributable to Plaintiff, including failures to update his address, may result in a different balancing of the relevant Poulis factors in the future.

IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss the complaint for lack of prosecution shall be denied. An appropriate Order follows.

Dated: September 9, 2021     s/ Noel L. Hillman
At Camden, New Jersey     NOEL L. HILLMAN, U.S.D.J.